ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| Wilwood Engineering Inc. | ) ASBCA Nos. 62773, 62774 |
| | ) |
| Under Contract No. SPE7LX-16-D-0040 | ) |

APPEARANCE FOR THE APPELLANT: Kipp A. Landis, Esq.
Kipp A. Landis Attorney at Law
Westlake Village, CA

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
DLA Chief Trial Attorney
Colleen Loughran, Esq.
Christine T. Roark, Esq.
Trial Attorneys
DLA Land and Maritime
Columbus, OH

OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Defense Logistics Agency (DLA or government) moves to dismiss these appeals for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Specifically, the government alleges that the Board does not possess jurisdiction over Counts II and III of Wilwood Engineering, Inc.'s (Wilwood) complaint and that none of the complaint's counts state a claim upon which relief can be granted. For the reasons outlined below, we grant the government's motion respecting Wilwood's allegation of breach of contract arising from the government's alleged refusal to engage in Alternative Dispute Resolution (ADR). Otherwise, the motion is denied.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. Contract No. SPE7LX-16-D-0040 was awarded by DLA Land and Maritime, a subordinate command of DLA, to Wilwood on December 31, 2015 (Rule 4, tab 1 at 1). The contract was an indefinite quantity contract for brake part kits (Rule 4, tab 1 at 4).

2. One of Wilwood's sources of materials for its brake pad was American Friction Technologies (AFT) (compl. ¶ 18). AFT eventually became another source of supply to the government for brake kits (compl. ¶¶ 19-22). Accordingly, Wilwood developed a new pad conforming to the government requirement using materials from other sources

(compl. ¶¶ 23-28). Wilwood shipped the alternative part to the government with supporting documentation identifying it. The government accepted delivery of over 20,000 brake pad kits with the new part between April 2016 and July 2018, without objection. (Compl. ¶¶ 29-32) In July, 2018, the government demanded that Wilwood stop shipping the new part, which it did (compl. ¶¶ 33-34).

3. On November 18, 2019, Wilwood submitted a certified claim for $1,642,503 to the contracting officer, alleging it was seeking to,

> "recover cost impacts in its response to and on the basis of, unanticipated and unforeseeable changes to the contract that have resulted from DLA's rejection of Wilwood's alternative pad item . . . . This rejection has caused disruption to the contract, and therefore, Wilwood is seeking relief from unanticipated cost increases engendered by the rejection . . . ."

(Compl. ¶ 4; R4, tab 238 at 1002) The basic operative facts described in the claim are the same as those contained in the complaint.

4. The contracting officer denied Wilwood's claim on November 24, 2020, and asserted a government claim for a $448,183.18 refund and price adjustment (compl. ¶ 5; R4, tab 312 at 1251-52). The decision declared that the government had revoked acceptance on the basis that Wilwood's delivery of the new part constituted gross mistake amounting to fraud (*id.* at 1250). Wilwood has appealed.

<u>DECISION</u>

I. Count I

In Count I of its complaint, Wilwood alleges that the government breached the contract by wrongfully rejecting accepted products (compl. at 8-9). Arguing that the government's acceptance of parts was final except for latent defects, fraud, or gross mistakes amounting to fraud, Wilwood alleges the government cannot prove latent defects or bad conduct on the part of Wilwood (compl. ¶¶ 76-77). The government requests dismissal of this count, contending that Wilwood has failed to state a claim upon which relief can be granted. Specifically, the government argues that the complaint and claim do not state the "actual basis" the government used when deciding to revoke acceptance, which, according to the contracting officer's final decision, was gross mistake amounting to fraud (R4, tab 312 at 1250).

To overcome a motion to dismiss for failure to state a claim, a complaint must allege facts plausibly suggesting, not merely consistent with, a showing of entitlement to relief. *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009); *Am. Gen. Trading &*

2

*Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,640. Count I meets this test. Its set of allegations includes a description of the contract, Wilwood's substitution of the alternative part, the parts' acceptance by the government, and the government's subsequent rejection. Count I notifies the government that Wilwood considers it in breach for wrongful rejection of the parts, saying the government lacks evidence of justification. These allegations plausibly suggest entitlement to relief.

The fact that the complaint does not specifically recite the exact grounds the government has relied upon to revoke acceptance is not significant. The Board's rules only require notice pleading that provides the government with a fair notice of the claim and its grounds. *Lockheed Martin Integrated Sys., Inc.*, ASBCA Nos. 59508, 59509, 17-1 BCA ¶ 36,597 at 178,282; *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (discussing Federal Rule of Civil Procedure 8(a)(2)'s liberal fair notice pleading standard and stressing that specific facts are not necessary); *United States for the Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 302 (N.D. Ill. 1987) (the complaint need only give the theory behind the claim and its basic grounds), *cited in Lockheed Martin*, 17-1 BCA ¶ 36,597 at 178,282. Wilwood has done that. The government well knows what its own reasons were for revoking acceptance. It does not require Wilwood to specifically repeat them to grasp Wilwood's basic assertion that the government cannot support them. Accordingly, the government's motion to dismiss for failure to state a claim upon which relief can be granted for Count I is without merit.

II. Counts II & III

A. Jurisdiction

In Count II, Wilwood alleges that the complaint's factual allegations also support a claim for breach of the implied duty of good faith and fair dealing. It suggests the alleged facts show the government failed to properly administer the contract and induced Wilwood to incur additional costs as a result of inconsistent and contradictory actions. Count III alleges the government breached its implied duty to cooperate and not hinder Wilwood's performance for basically the same reasons. Count II also contends the government improperly refused to engage in ADR. (Compl. at 9-10) The government maintains the Board lacks jurisdiction over these counts because Wilwood's claim did not allege the government breached either implied duty.

Pursuant to the Contract Disputes Act (CDA), "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). "The scope of [an] appeal" to this Board "is determined by the claim originally submitted to the contracting officer." *MACH II*, ASBCA No. 56630, 10-1 BCA ¶ 34,357 at 169,673. The Board cannot exercise jurisdiction over new claims that were not previously presented to the contracting officer. *Id.* "An action constitutes the same claim as what was presented to

3

the contracting officer so long as it arises from common or related facts." *American Gen Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,639. If the appeal before the Board arises from the same operative facts as those described in the claim, and essentially seeks the same relief, the claimant is free to change its legal theory as long as it is not materially different from what was presented in the claim. *See Tolliver Grp., Inc. v. United States*, 20 F.4th 771, 777 (Fed. Cir. 2021).

For the most part, Wilwood has not presented new operative facts in either count to support its implied duty theories. The facts stated in the claim about the contract, the alternative part, and government rejection, basically reflect those described in the complaint and upon which Counts II and III are mainly based (SOF ¶ 3). The claim asserts that the government's rejection of the parts disrupted the contract, imposing unanticipated cost increases (SOF ¶ 3). Wilwood's contention in Counts II and III that the government's conduct breached the implied duties is not a material departure subverting the CDA's claim submission requirement. *Tolliver Grp.*, 20 F.4th at 777 (explaining that a materially different theory subverts the statutory purpose of permitting the contracting officer to receive and pass judgment upon the claim). The one exception is Wilwood's contention in Count II that its claim for breach of the implied duty of good faith and fair dealing is also supported by the government's alleged refusal to engage in ADR. That is a separate matter from its treatment of the parts. Because that allegation was not presented in the claim, we lack jurisdiction to consider it. Accordingly, we possess jurisdiction over Counts II and III except for the contention in Count II that the government improperly rejected ADR.

B. Failure to State a Claim

Alternatively, the government seeks dismissal of Counts II and III for failure to state a claim. The government's argument about Count II focuses solely on its ADR component, which we have held we lack jurisdiction to consider. Thus, nothing more need be said about Count II. The government's contention regarding Count III is similar to its Count I argument, namely that Wilwood has not sufficiently described its grounds for claiming the government has breached the duty to cooperate. The duty to cooperate is a component of the overall duty of good faith and fair dealing that is also the subject of Count II. *Agility Pub. Warehousing Co. KSCP v. Mattis*, 852 F.3d 1370, 1384 (Fed. Cir. 2017); *see also Labatte v. United States*, 899 F.3d 1373, 1379 (Fed. Cir. 2018) (explaining that the duty of good faith and fair dealing prohibits "interference with or failure to cooperate in the other party's performance") (quoting Restatement (Second) of Contracts § 205 cmt. d (1981)). Among other things, the obligation of good faith and fair dealing imposes a "faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." *Metcalf Construction Co. v. United States*, 742 F.3d 984, 991 (Fed. Cir. 2014) (quoting Restatement (Second) of Contracts § 205 cmt. a (1981)). It can be breached by interfering with another party's performance. *Agility Pub. Warehousing Co. KSCP*, 852 F.3d at 1384. Contrary to the government's suggestion,

4

Count III is not devoid of substance. It incorporates all of the allegations of the complaint, including the government's alleged acceptance, use, and rejection of the parts without any demonstrable basis for doing so. Taken as true, which we must do at this stage, *see Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013), these allegations plausibly present a lack of faithfulness with the contract's agreed common purpose, inconsistency with its justified expectations, and interference or failure to cooperate with Wilwood's performance. Accordingly, the motion to dismiss Count III for failure to state a claim is denied.

### III. Count VI*

Finally, Count VI again incorporates the complaint's entire set of allegations. It reiterates Wilwood's position that the government did not lawfully reject the parts, adding that the government is required to exercise post-acceptance rights within a reasonable time period. It alleges the government knowingly accepted and used the alternative parts. Together, the government's behavior caused financial hardship to Wilwood. (Compl. at 10) Oddly, the government moves to dismiss this count for failure to state a claim by suggesting that it alleges a constructive change legal theory. A constructive change is a change to the contract by the contracting officer either by an informal order or through the fault of the government. *Zafer Taahhut Insaat ve Ticaret A.S. v. United States*, 833 F.3d 1356, 1361 (Fed. Cir. 2016). The government argues that the contract does not contemplate a constructive change and that its actions do not constitute one. Nowhere does Count VI allege constructive change. We construe Count VI to be an addition to Count I's attack upon the government's basis for rejecting the parts. The government's mischaracterization of Count VI fails to convince us that it should be dismissed.

---

* There are only four counts to the complaint. However, Wilwood labels the last as Count VI. We see no reason to depart from the identification Wilwood has given it.

5

CONCLUSION

The government's motion to dismiss Wilwood's allegation of breach of contract for refusing to engage in ADR is granted. Otherwise, the motion is denied.

Dated: April 14, 2022

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62773, 62774, Appeals of Wilwood Engineering Inc., rendered in conformance with the Board's Charter.

Dated: April 14, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals